NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANILO GABRIEL MIRANDA
BARRIOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-402

Agency No.
A095-776-179

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023[**]
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY, District
Judge.[***]

Danilo Gabriel Miranda Barrios ("Miranda"), a native and citizen of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Guatemala, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's determination that Miranda is ineligible for withholding of removal because he did not "establish[] a presumption of fear of future persecution based on past persecution," nor did he demonstrate "an independent showing of clear probability of future persecution." *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Although Miranda testified that on one occasion, MS-13 members beat him and threatened to kill him for refusing to join their gang, this was the only physical harm that Miranda experienced while living in Guatemala and there is no evidence that he suffered serious injury. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("[A] significant consideration" when determining whether a petitioner was persecuted "is whether the petitioner was subject to significant physical violence, and, relatedly, whether he suffered serious injuries that required medical treatment."

(citation and internal quotation marks omitted)).  Because this was also the only time that the gang threatened Miranda's life, this is not one of the "small category of cases" where "death threats alone can constitute persecution."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (internal quotation marks and citations omitted)).  And, although "harm to a petitioner's close family members or associates may be relevant to assessing whether the petitioner suffered past persecution," the anonymous death threat received by Miranda's brother and the gang's robbery of his mother's gold chains may not "substitute for harm to an applicant, such as [Miranda] in this case, who was not in the country at the time he claims to have suffered past persecution there."  *Tamang*, 598 F.3d at 1091–92.

Miranda also failed to demonstrate a clear probability of future persecution on account of his membership in the group of "Guatemalans who resist gang violence and gang demands" because this particular social group is not legally cognizable.  We have consistently held that proposed social groups composed of individuals who resist gang recruitment are "too loosely defined to meet the requirements for particularity."  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (finding "young men in El Salvador resisting gang violence" insufficiently particular), *overruled in part by Henriquez-Rivas v. Holder*, 707 F.3d

3                                                                                          22-402

1081, 1093 (9th Cir. 2013); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009)*, overruled in part by Henriquez-Rivas*, 707 F.3d at 1093; *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009), *abrogated in part by Henriquez-Rivas*, 707 F.3d at 1093. Nor is Miranda's proposed group socially distinct. Despite Miranda's reliance on country reports evidencing the government's efforts to combat gang violence, these reports do not show that Guatemalan society views those who resist gang recruitment as distinct from any other victims of crime. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) ("Evidence such as country condition reports…may establish that a group exists and is perceived as 'distinct' or 'other' in a particular society." (citation omitted)). Although MS-13 members may view Miranda as distinct from the rest of his community on account of his refusal to join their gang, "recognition of a particular social group is determined by the perception of the society in question, rather than by the perception of the persecutor." *Rios v. Lynch*, 807 F.3d 1123, 1127 (9th Cir. 2015) (citation and internal quotation marks omitted).

Therefore, because substantial evidence supports the agency's finding that Miranda's life will not be "threatened in [Guatemala] because of [his]… membership in a particular social group," 8 U.S.C. § 1231(b)(3)(A), Miranda is ineligible for withholding of removal.

2.      Substantial evidence supports the agency's conclusion that Miranda is

ineligible for protection under CAT because Miranda failed to establish that it is more likely than not that he would be tortured in Guatemala by, or with the consent or acquiescence of, a public official. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). Although the country condition reports that Miranda relies on show that Guatemala is plagued by corruption and violence, these reports do "not indicate that [Miranda] would face any particular threat of torture beyond that of which all citizens of [Guatemala] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam). These reports also show that the Guatemalan government has taken measures to combat the country's problems with crime and violence. Although these attempts may have been unsuccessful, the government "does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (as amended) (citation omitted). Therefore, Miranda has failed to meet his burden of proving eligibility for protection under CAT.

**PETITION FOR REVIEW DENIED**.